UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRYAN GOODRICH, PATRICIA GOODRICH INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF S.M.G. AND S.L.G.,<br><br>**Plaintiffs,**<br><br>v.<br><br>CEQUENT PERFORMANCE PRODUCTS, INC., TRIMAS CORPORATION, CIMLINE, INC., AND PLYMOUTH INDUSTRIES, INC.,<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**NO. 4:15-cv-40030-TSH** |

<u>**ORDER AND MEMORANDUM OF DECISION ON NORGUARD INSURANCE CO.'S MOTION TO INTERVENE (Docket No. 30)**</u>

**September 29, 2015**

**HILLMAN, D.J.**

In this products liability case, Plaintiffs brought suit against Defendants to recover damages for serious injuries suffered by Brian Goodrich. Plaintiffs allege that Goodrich acquired an Asphalt Melter/Applicator for use in his business, Regal Seal Asphalt Services, Inc., and was injured while using said Asphalt Melter/Applicator. On August 27, 2015, NorGuard Insurance Co. (NorGuard) moved to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. NorGuard alleges that it provided workers' compensation insurance for Regal Seal Asphalt Services, Inc. at the time of Goodrich's injury and that, accordingly, it has a subrogation interest in any potential damages recovered by Plaintiffs.

Rule 24(a)(2) provides that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." NorGuard claims a subrogation interest pursuant to Mass. Gen. Laws ch. 152, § 15 and asserts that this interest will not be adequately protected by the existing parties to this lawsuit.

However, the statute that grants NorGuard's interest, Mass. Gen. Laws ch. 152, § 15, also provides extensive and adequate protection of that interest. This statute provides in pertinent part as follows:

> Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid in accordance with sections seven, eight, ten A, eleven C, twelve or nineteen nor until seven months following the date of such injury. *The sum recovered shall be for the benefit of the insurer*, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. . . . Except in the case of settlement by agreement by the parties to, and during a trial of, such an action at law, no settlement by agreement shall be made with such other person without the approval of either the board, the reviewing board, or the court in which the action has been commenced after a hearing in which both the employee *and the insurer have had an opportunity to be heard*. At such hearing the court shall inquire and make a finding as to the taking of evidence on the merits of the settlement, on the fair allocation of amounts payable to the employee and the employee's spouse, children, parents and any other member of the employee's family or next of kin who may have claims arising from the injury for which are payable, under this chapter in which the action has been commenced *after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement*, and on the amount of excess that shall be subject to

>>offset against any future payment of benefits under this chapter by the insurer, which amount shall be determined at the time of such approval.

Mass. Gen. Laws ch. 152, § 15 (emphases added). Thus, in the event that Plaintiffs recover damages for Goodrich's injuries, NorGuard will be entitled to appropriate reimbursement pursuant to the terms of chapter 152. NorGuard will also have the opportunity to protect its interest by participating in any future settlement proceedings relating to this case. The procedural mechanisms set forth in section 15 of chapter 152 are sufficient to protect NorGuard's subrogation interest.

Furthermore, Mass. Gen. Laws ch. 152, § 15 forecloses NorGuard from pursuing this suit as a plaintiff because Goodrich has already initiated a lawsuit. *See Pinto v. Aberthaw Const. Co.*, 637 N.E.2d 219, 222 (Mass. 1994) (emphasis added) ("If an employee does not bring suit within seven months of the date of the injury, either the insurer or the employee, *but not both*, may file suit"). Here, the injury occurred on or about April 22, 2013; Plaintiffs filed suit on February 25, 2015. Although Plaintiffs did not file suit within seven months of the injury, they have now done so and, thus, NorGuard is precluded from asserting its own claims to recover damages for Goodrich's injuries.

For these reasons, NorGuard's motion to intervene is ***denied***. Plaintiffs' request for sanctions in the form of attorneys' fees is also ***denied***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
