**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| BRIAN GOODRICH, PATRICIA GOODRICH, INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF S.M.G. AND S.L.G. | ) ) ) ) ) | CIVIL ACTION<br><br>NO. 4:15-CV-40030-TSH |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) ) |  |
| GARLOCK EQUIPMENT CO, INC., PIONEER RIM AND WHEEL COMPANY, CIMLINE, INC., and PLYMOUHT INDUSTRIES, INC. | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM AND ORDER ON DEFENDANT PIONEER RIM AND WHEEL COMPANY'S MOTION TO DISMISS (Docket No. 73)**

**March 9, 2017**

**HILLMAN, D.J.**

　　Plaintiff Brian Goodrich was performing routine maintenance on an asphalt melter when the jack used to elevate the machine slipped, causing him severe injury.  He brings this product liability action against several defendants, including Pioneer Rim and Wheel Company, the distributor of at least one component of the alleged malfunctioning jack assembly.  Pioneer Rim and Wheel moves to dismiss the complaint against them for failure to state a claim because it did not distribute the component of the jack assembly alleged to have caused Mr. Goodrich's injuries.  For the reasons outlined below the motion to dismiss is ***denied***.

**Background**

Defendant Pioneer Wheel and Rim Company ("Pioneer") is a distributor of automotive parts, including the jack assembly manufactured by Cequent Industries, Inc. that was sold affixed to the Cimline MAGMA 110 Asphalt Melter/Applicator owned by Mr. Goodrich. The jack assembly comprises two parts, 1) a free-standing jack, and 2) a mounting bracket, called a "pivot tube mount", that is welded to the asphalt melter. The free-standing jack is affixed to the pivot tube mount using a pivot-pin, which can be removed to detach the free-standing jack when not in use.

Cequent Industries includes written instructions and warnings with the jacks they manufacture, including that a user "must never place any part of their body underneath the load held by the jack even when the pivot-pin is in place," "only Cequent replacement parts may be used," and "no third-party is allowed to sell the jack, or allow another person to use the jack, without providing the written instructions to the end-user." Compl. ¶19.

The plaintiffs allege that Pioneer sold the jack assembly to Garlock Equipment Company, the manufacturer of the Cimline MAGMA Asphalt Melter, without providing these instructions and warnings. At the time Mr. Goodrich was injured, he was performing routine maintenance on the asphalt melter using "an equivalent replacement jack" to elevate it, when the jack slipped, crushing his skull. Pioneer moves to dismiss the action against it because it did not distribute the "equivalent replacement jack" used by Mr. Goodrich at the time he sustained his injuries, and this fact is made plain in the complaint.

**Discussion**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007). Plausibility does not require probability but "it asks for more than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

The jack assembly distributed by Pioneer was comprised of both a free-standing jack and a pivot tube mount. While Mr. Goodrich was using "an equivalent" free-standing jack at the time of his injuries, rather than the one distributed by Pioneer, it is reasonable to assume that this equivalent jack was attached to the pivot tube mount that was distributed by Pioneer and permanently mounted to the asphalt melter.

Further, if the manufacturer stipulated that the jack had a specific safety profile (i.e., that it was appropriate for lifting the equipment but not to the degree that it would be sufficiently safe for an operator to work under the equipment), then it is reasonable to assume that the warning not to work under the equipment was applicable both to the specific jack supplied, and any apparently equivalent free-standing jack that might be substituted. In addition, a failure to distribute the jack with appropriate safety profile information might have contributed to an inappropriate choice of jack by the designer/manufacturer of the asphalt melter, or their failure to attach appropriate additional warnings to the finished device. For example, if the manufacturer of the asphalt melter was on notice that the jack was unsuitable to assure the safety of a human operator, they might have taken additional steps to more appropriately label the equipment or warn the end user that while the jack could be used to raise the equipment, an additional solid block would need to be placed under the equipment to prevent it from falling in the event of a jack failure to assure the safety of an operator under the equipment. Accordingly, the plaintiffs allege facts that make recovery plausible, and Pioneer's motion to dismiss the complaint is denied.

**Conclusion**

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 73) is **_denied._**

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**