UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN GOODRICH , PATRICIA GOODRICH INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF S.M.G. and S.L.G., )<br><br>Plaintiffs, )<br><br>v. )<br><br>CIMLINE, INC., and GARLOCK EQUIPMENT COMPANY, INC., )<br><br>Defendants. ) | C.A. No. 15-40030-TSH |

**DECISION AND ORDER ON PLAINTIFFS MOTION
TO ADD INTEREST TO THE JUDGMENT
(Docket No. 161)**

**July 20, 2018**

**HILLMAN, D.J.**

On April 11, 2018, a jury found in favor of the Plaintiffs and awarded a total of $8,250,000 in damages. The Plaintiffs subsequently filed a motion requesting prejudgment interest of 12% for the entire award from February 25, 2015 through the date of judgment.[1] The Defendants filed an opposition arguing that the amount of damages awarded for future lost earnings ($600,000) and future medical and personal care ($5,000,000) are not subject to prejudgment interest.

There is no dispute that the Plaintiffs are entitled to an award of prejudgment interest for loss of consortium, past lost earnings and pain and suffering totaling $2,650,000. However, Defendants contend that Mass. Gen. Laws ch. 231, § 6B does not entitle them to prejudgment

---

[1] The complaint was filed on February 25, 2015 and is the date the action commenced.

interest on the remaining $5,600,000 awarded for future damages.  Applying Massachusetts law, I find that the Plaintiffs are entitled to prejudgment interest as to the entire award of $8,250,000.

"[P]rejudgment interest is a substantive remedy governed by state law when state-law claims are brought in federal court…" *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 146 (1st Cir. 2009) (internal citations omitted). The interest should be calculated from the commencement of the action through the date of final judgment. *Com. v. Johnson Insulation*, 425 Mass. 650, 664 (1997).  Incurring interest from the beginning of the action and not from the time of the injury allows uniformity while balancing the absence of interest from the date of the plaintiff's injury to the date of filing and limiting a windfall of recovery for the plaintiff.  *Charles D. Bonanno Linen Serv., Inc. v. McCarthy,* 550 F.Supp. 231, 246–247 (D.Mass.1982), aff'd. in part (on this point), and rev'd in part, 708 F.2d 1 (1st Cir.), cert. denied, 464 U.S. 936 (1983).

> Massachusetts law states that
>
> In an action in which a verdict is rendered…for pecuniary damages for personal injuries to the plaintiff or for consequential damages,…there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.

Mass. Gen. Laws ch. 231, § 6B.  The Massachusetts Supreme Judicial Court has found that this statute "is unequivocal in requiring that the clerk add interest on the *entire* amount of the verdict." *Griffin v. Gen. Motors Corp*., 380 Mass. 362, 368 (1980)(emphasis added)(citing *Carey v. Gen. Motors Corp*., 377 Mass. 736, 746 (1979)). The Defendants attempt to challenge this statement arguing that future damages are not subject to prejudgment interest.  I am not convinced.

The Defendants argument relies on *Conway v. Electro Switch Corp.*, where the SJC held that damages for future lost wages in employment discrimination cases are not subject to prejudgment interest. 402 Mass. 385 (1988). The court reasoned that because the primary purpose

of awarding interest is "to compensate a damaged party for the loss of use or the unlawful detention of money" there is "no justification for adding interest to damages which, by definition, are for losses to be incurred in the future." *Id*. at 390. However, *Conway* did not overturn *Carey* but distinguished between future damages sought in an employment discrimination action and a personal injury action. *Kuppens v. Davies*, 38 Mass. App. Ct. 498, 500 (1995). It is therefore clear that there is a distinction between the applicability of prejudgment interest for loss of future wages in an employment discrimination case and a tort case in Massachusetts.

With that said, the caselaw suggests that following *Carey*, the total damages awarded in a *personal injury* action are "unequivocally" subject to prejudgment interest. 377 Mass. at 746. For example, in *Kuppens v. Davies*, the court awarded interest on the entire verdict, which included past and future damages for lost wages, medical expenses, and pain and suffering. 38 Mass. App. Ct. 498, 498 (1995). The court held that as a tort case for personal injury *Carey* was applicable and prejudgment interest on the entire award was required. *Id*. at 500.

The Defendants owed the Plaintiffs damages at the time Mr. Goodrich was injured as a result of their conduct which gave rise to this action. *See Com. v. Johnson Insulation*, 425 Mass. 650, 665-66 (1997)(generally, damages in a tort action occur and are due at the moment of injury)(citations omitted)).[2] Consistent with Massachusetts law, I find that § 6B "unequivocally require[s]" that the Plaintiffs be awarded prejudgment interest on the entire verdict. *Carey*, 377 Mass. at 746. Accordingly, the clerk shall add 12% interest to the entire verdict of $8,250,000.

---

[2] The court rejected the defendants argument that projected abatement costs were future damages finding that in fact, they were "an estimation of damage that [] already occurred, for which compensation [was] already due." *Com. v. Johnson Insulation*, 425 Mass. at 665-66. The court went on to discuss that similarly, in personal injury actions lost earning capacity, even though future income, was subject to prejudgment interest. *Id*. at 666-67.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**